UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIA A. DURDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:04-CV-2177-B |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's order of reference filed on October 11, 2006, came on to be heard Plaintiff's Motion for Attorney's Fees and Court Costs Under the Equal Access to Justice Act and having considered the relevant pleadings the court finds and recommends as follows:

Plaintiff filed an initial application for disability insurance benefits on August 27, 2001, alleging disability since August 8, 1996, due to lupus, fibromyalgia, celiac disease, chronic colitis, depression, sleeplessness, tiredness, muscle tension, irritability, spasms around her heart, sensitivity to heat and cold, acid reflux and memory problems. (Administrative Record 57-59, 87 [Hereinafter Tr.].) Plaintiff's application was denied at the administrative level and dismissal was recommended by the undersigned on April 24, 2006. However, on June 21, 2006, the District Court reversed the Commissioner's decision and remanded the action to the Commissioner for rehearing. Subsequent to the judgment of the District Court, Plaintiff filed her motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). As an agency of the federal government, the Act is applicable to the decisions of the

Social Security Administration.

Under the EAJA, a party who prevails against the United States in a federal cause of action is entitled to payment of attorney's fees "absent a showing by the Government that its position in the underlying litigation 'was substantially justified,'" *Scarborough v. Principi*, 541 U.S. 401, 408, 124 S. Ct. 1856, 1862 (2004), or that there are special circumstances that would make such an award unjust, *Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001). In her response to Plaintiff's motion for attorney's fees, the Commissioner does not argue that her position was substantially justified at all levels of the litigation or that an award of fees would otherwise be unjust. Accordingly, the court finds that Plaintiff is entitled to attorney's fees under the EAJA.

The remaining dispute pertains to the amount of hours expended by Plaintiff's counsel preparing for and litigating Plaintiff's Social Security disability claim. As the party moving for attorney's fees, Plaintiff has the burden to demonstrate that the requested hours are reasonable. *See Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *1 (5th Cir. Sept. 19, 2005) (citing *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990)). Thereafter the court, in its discretion, calculates an appropriate attorney's fee award by "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate."[1] *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615 (N.D. Tex. 2000). This "lodestar" amount may then be adjusted upward or downward based on the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974). *See Sandoval*, 86 F. Supp. 2d at 615, 616 n.24.

---

[1] Defendant does not challenge the hourly rate used by Plaintiff's counsel to compute her requested fee award.

Plaintiff's counsel's time records reflect an expenditure of 33.3 hours between June 20, 2005, and October 20, 2005, devoted to review, research, and drafting Plaintiff's opening brief and her reply to Defendant's brief and an additional 4 hours spent performing various administrative tasks. Counsel's time records reflect an additional 13.2 hours between April 24 and May 18, 2006, devoted to conducting legal research and drafting Plaintiff's objections to the Magistrate Judge's recommendation. Plaintiff also seeks fees based on 2 hours spent preparing the EAJA motion, 1.2 hours of administrative tasks related to the District Court's order of remand and an additional 5.10 hours spent litigating the instant motion and drafting the reply brief.

Defendant does not question the veracity of the time expended by Plaintiff's attorney, but nevertheless argues that the number of hours submitted is excessive in light of the nature of the case and the services rendered by Plaintiff's counsel. Defendant therefore requests that the compensable time be reduced to 40 hours–the "typical" number of hours spent on a Social Security disability claim. *See* Def.'s Response at 3; *see also Hardy v. Callahan*, No. 9:96-CV-257, 1997 WL 470355, at *9 & n. 10 (E.D. Tex. Aug. 11, 1997) ("The typical EAJA application in social security cases claims between thirty and forty hours") (collecting cases); *Nave v. Barnhart*, No. 03-2076-JWL, 2003 WL 22300178, at *2 (D. Kan. Oct. 7, 2003) (collecting cases); *Greenidge v. Barnhart*, No. 6:04-CV-0379, 2005 WL 357318, at *4 n.16 (N.D.N.Y. Feb. 11, 2005) (collecting cases).

The court agrees with Defendant that Plaintiff has not shown that the legal issue she raised in seeking judicial relief from the Commissioner's denial of her application was either novel or complex. In the instant case, Plaintiff's counsel expended 33.3 hours preparing her

opening brief and reply brief–both of which address the factual nuances of the case, rather than merely recite boilerplate legal arguments, and an additional 4 hours on administrative tasks. This time expenditure is wholly within the 30-40 hours spent on a "typical" Social Security disability case that is resolved after the filing of opening and responsive briefs.

However, in addition to preparing her opening brief and reply brief, Plaintiff's counsel also drafted and filed objections to the undersigned's report and recommendation–an atypical time expenditure. While it was appropriate for Plaintiff's counsel to expend time researching and drafting her objections, the court finds that a reasonable amount of time for these efforts is 8 hours, as a sizeable portion of the objections restates arguments and citations to case law from Plaintiff's opening brief. Likewise, the court awards 4.5 total hours, rather than the requested 8.3, for preparation of Plaintiff's motion for attorney's fees and reply due to the boilerplate nature of the motion for attorney's fees and the minimal amount of legal research that was required in order to file the reply brief. Therefore the total number of hours awarded is 49.8.

In computing the dollar amount of recoverable attorney's fees the Magistrate Judge utilizes the formula adopted by the court in *Sandoval*. 86 F. Supp. 2d at 614; Pl's Br. at 4. Applying this standard to the reasonable hours expended, Plaintiff is entitled to recover $375.27 for attorney's services rendered in 2004, $5,399.56 for services rendered in 2005, and $2007.63 for services rendered in 2006. The total reasonable fee for Plaintiff's attorney's services is $7782.46, the "lodestar."[2]

---

[2] Although Plaintiff in her reply filed on October 25, 2006, identifies one of the *Johnson* factors in support of the fee sought, the undersigned with not separately address this factor because it does not warrant a change in the fee award. *See Sanders*, 2005 WL 2285403, at *2 (application of the twelve *Johnson* factors is not mandatory).

Finally, Plaintiff seeks to recover incurred costs and expenses in the amount of $229.52, which is not controverted.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that Plaintiff's EAJA motion be granted and that she recover from the Commissioner the sum of $8011.98 for her attorney's fees and expenses.

SIGNED this 30th day of November, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.